IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL CASE NO. |
| v. | 1:03-CR-319-JEC |
| PHENIX RAINES, | |
| Defendant. | |

### ORDER

This case is before the Court on defendant's Motion to Extend the Limitation Period or, in the alternative, to toll the filing of Motion under § 2255 [56]. Defendant filed this motion on June 14, 2005. Prior to that time, the defendant had been convicted of committing multiple bank robberies and, on July 1, 2004, was sentenced to a ninety-month sentence. Defendant did not appeal, and explicitly waived his right to appeal or file a collateral attack against the sentence [40].

In the present motion, defendant acknowledges that the time limitation for filing a § 2255 petition, under the AEDPA, would expire on July 1, 2005. He seeks an extension of this one-year period in order to allow him to go back to state court, to try to have some previous state felony convictions overturned. Should he achieve that result, he indicates that he will then seek to come back

to this Court to be resentenced to a lower sentence, because he will then have a lower criminal history score.

The Court discerns two potential obstacles to the defendant's request. First, as the defendant waived his right to collaterally attack his sentence, defendant has offered no reason why he should be relieved of this condition to which he earlier agreed, as part of his plea bargain. Second, even ignoring the defendant's agreement not to do that which he apparently seeks permission now to do, the defendant has offered no persuasive argument to suggest that this Court has the power to indefinitely toll the time limit for filing a § 2255 petition. Moreover, even had the Court this discretion, the defendant does not explain why the Court should exercise this discretion. The Court knows of no reason why it would exercise such discretion, if the Court possessed it here.

In its response, the Government notes that defendant's request is premature. That is, citing *Johnson v. United States,* 125 S.Ct. 1571 (2005), the Government argues that should the defendant be successful in having his prior convictions reversed, he may, at that time, file a § 2255 petition and then litigate the timeliness of this § 2255 petition. In short, the Government contends that defendant's request is premature.

The Court concurs and **DENIES** the defendant's Motion to Extend the Limitation Period or in the Alternately [sic] Toll the Filing of

2

Petitioner Motion Under 28 U.S.C. § 2255 Pending the Adjudication of Petitioner State Priors [56].

SO ORDERED this 23 day of October, 2005.

*Julie Carnes*
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)